In brief in support of his application for rehearing, the husband contends that our original opinion of March 7, 1979, omitted facts which it is argued demonstrate that the husband met his burden of proving the mother unfit for custody of the parties' children.
In particular, it is asserted that there was evidence presented at trial that the mother openly exhibited sexual misconduct in the children's presence. In deference to the husband, we set forth additional facts which he deems pertinent to this contention, although, as we originally stated, these do not support the conclusion that this petitioner has overcome the burden attendant in cases such as this.
In our original opinion, we stated that a Donna Hudgens observed the mother and Donna's father kissing at the Hudgens home at which time the children were not present. The record indicates that this witness additionally testified that she had observed similar conduct on other occasions in the Roberson home when the children were present. It is significant, however, that she additionally stated she had never observed any sexual conduct, i.e., immorality on these occasions.
As we originally stated, aside from the single act of impropriety on the part of the mother, the occurrence of which is disputed, the remaining testimony, when read in its entirety, including that mentioned above, at best tends to show indiscretion on the mother's part.
We further observe that this evidence loses much if not all of its probative value in view of the fact that the difficulties which the children were experiencing prior to the divorce have visibly improved. Thus, it cannot be successfully contended that this conduct had an adverse direct effect on their welfare.
OPINION EXTENDED; APPLICATION FOR REHEARING OVERRULED.
WRIGHT, P.J., and BRADLEY, J., concur.